FEEDY MIDDLETON *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Witnesses. Contradicting. Unsworn statements. Argument to jury.*

   Proper predicate being laid, the unsworn statements of a defendant's witness, contradictory of his testimony on a material matter, are admissible to discredit him, although made out of court and in the absence of defendant, but cannot be made the basis of an argument by the prosecuting attorney for any other purpose.

2. SAME. *Murder. Instruction. Evidence to support.*

   Where, in a conflict between the defendant and the deceased, two shots were fired by defendant, and it was undisputed that deceased was killed by the first and was untouched by the second shot, it was error for the court, at the request of the state, to instruct the jury to convict if deceased fled after the first shot and defendant pursued, and being in no danger, shot at decedent with intent to kill, and did kill, since there was no evidence to support the theory that deceased was killed by the second shot.

FROM the circuit court of, second district, Panola county.

HON. PERRIN H. LOWREY, Judge.

Middleton, appellant, was indicted, tried, and convicted of murder, and sentenced to be hung. He appealed to the supreme court. The facts are sufficiently apparent from the opinion of the court.

*Pearson & Lamb,* for appellant.

The instruction is erroneous which authorizes the jury to find the defendant guilty of murder, if they believe the killing was accomplished by the second shot fired by the defendant. There is not a scintilla of evidence in the whole case from which any reasonable man would have been warranted in concluding the killing was the result of the second shot fired.

We beg to call the court's attention to that part of the district attorney's argument which, under any view of the case

and circumstances we may take, seems to be entirely inexcusable and unpardonable, and that is his remarks where he uses the contradiction of Mack Washington as substantive proof, and puts the words developed by contradiction of the witness into defendant's mouth and seeks to make them prove both motive and malice, and to color and explain all the other facts and circumstances preceding and attending the tragedy.

It would be a work of superrogation for us to even offer an argument that the verdict reached by the jury in this case may probably have been induced by these unwarranted remarks of the district attorney. It is a circumstance which you cannot possibly disassociate in your minds from their finding in this case. The defendant's counsel immediately called the court's attention to argument of the district attorney in this connection, and urged an intervention, but that court for unknown reasons failed and refused to make any attempt to correct the force and effect of the same. In this connection we will only call the court's attention to one of our decisions exactly in point. *Allen* v. *State,* 66 Miss., 385.

*W. L. Easterling,* Assistant Attorney-General, for appellee.

CALHOON, J., delivered the opinion of the court.

Undoubtedly Middleton shot and slew Ike Jones, who is shown to have been a violent and dangerous character. Middleton presented an application for continuance, based on the absence of an eye witness, which was overruled. We do not pass on this ruling, as the case is determinable regardless of it. The killing occurred about daylight, and three witnesses for the state made out a case warranting conviction from the shots, and what they heard said by defendant and deceased; but none of them saw the beginning of the trouble. Mack Washington, a witness for defense, testified that defendant Middleton, and Jones, Patterson, Moore, another Middleton, and himself were in his room that night; that among those of the party who went

to sleep at all was the deceased, who awoke in the latter part of the night, and said $8 had been stolen from his pocket, took out his knife, searched the party, and said to Middleton, with an oath, that he had it, and, if he did not get it, he would cut him open. This money, by the way, was found on a window sill, as this witness says, and he (the witness) sat down on a chair, and was dozing, when he was awakened by quarreling just outside his door, ran to the door, heard defendant say, "Stand back, Ike; stand back," saw Ike advance on defendant with a drawn knife, whereupon defendant shot at Ike twice in quick succession, and Ike ran, saying: "Don't shoot me any more," and defendant "backed off." On cross-examination the prosecuting counsel, without first fixing time or place, or asking as to the fact, asked this witness whether he had not told a deputy sheriff that he was asleep, and knew nothing about the killing, and also that defendant had said, just before the killing, that he was going home and "get his gun and come back and fix Ike." This question was permitted, over objection and exception, and prosecuting counsel was, in due course, permitted, over objection and exception, to contradict this statement by the deputy sheriff, who testified that the witness had so told him. The prosecuting counsel, in his closing argument to the jury, the court refusing to interfere on objection, used this as a fact proved, that the defendant had said these words, and spoke of them as coming "fresh from the lips of defendant himself." He proceeded, "There can be no controversy about that fact, for the defendant's witness told Mr. Rhodes that, just a few minutes before this killing, defendant left his door with the statement that he was going home and get his gun and come back and fix Ike Jones." All this was urged with great eloquence of comment. We do not think an accused person can be lawfully convicted on what a witness said, or did not say, to another person. It needs only to read *Williams* v. *State,* 73 Miss., 820 (19 So., 826), and *Allen* v. *State,* 66 Miss., 385 (6 So., 242), to see a demonstration of

these errors on reason and authority. To discredit a witness by showing that he made a contradictory material statement out of court is one thing, and it justifies argument that he is unworthy of belief. But it is quite another thing, and not justified, to predicate an argument for conviction on the unsworn contradictory statement out of court, in defendant's absence, as if it were a substantive fact proved. Now, the fifth instruction was based on the testimony in chief of this witness, and was designed to emasculate it, and proceeds on the idea that, even if the jury believed that Jones did advance on Middleton with a knife, and Middleton told him to stand back, and fired on him, still they should convict, if they further believed that Jones turned at the shot, and fled, and defendant pursued, and, when in no danger, shot him with deliberate design to kill, and did kill. The giving of this instruction was error, because it is a demonstrable certainty from this record that Jones was killed by the first shot of the pistol, and untouched by the second.

*Reversed and remanded.*