HILL *v.* STATE.

[79 South. 98, Division A.]

1, CRIMINAL LAW. *Argument of district attorney.*

To discredit a witness by showing that he made a contradictory, material statement out of court is one thing, and it justifies argument that he is unworthy of belief, but it is quite another thing, and not justified, to predicate an argument for conviction on the unsworn contradictory statement out of court, in defendant's absence, as if it were a substantive fact proved.

2. SAME.

Where in a murder case the district attorney's argument laid stress on what a witness, who was with deceased when he was

shot, told other persons, and then treated such hearsay state-
ments as evidence that defendant shot without provocation, such
an argument was improper as an appeal to convict on the
hearsay testimony of a rebuttal witness.

3. CRIMINAL LAW. *Instructions. Necessity.*

In such case an instruction that hearsay testimony could only be
used as going to the credibility of the witness sought to be
rebutted should have been given.

APPEAL from the circuit court of Webster county.
HON. H. H. RODGERS, Judge.
Pink Hill was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*McKeigney & Latham,* for appellant.

We submit that evidence of contradictory state-
ments is admissible for the purpose only, of impeach-
ing a witness; not as proof of fact in issue. Such
evidence, in its very nature, could have no probative
value as tending to establish a fact material to the
merits of the cause. It goes to the credibility of the
witness, and can go no farther. It was therefore
highly improper for the district attorney to comment,
as he did, on the alleged contradictory statements of
the witness James West.

The trial court permitted the district attorney, over
appellant's objection, to argue the contradictory state-
ments attributed to this witness as proof of guilt.
This argument is illogical and illegal; and the rul-
ing of the court is manifestly erroneous.

The district attorney was permitted to assume, as
a proven fact in the case, that James West, an eye
witness of the killing, had said that appellant shot
deceased, "without provocation," and that the witness
was so close that the powder burned his face. Yet,
such was not the testimony of the witness.

This court, in *Middleton* v. *State,* 31 So. 809, passing upon this same proposition, said: "We do not think an accused person can be lawfully convicted on what a witness said, or did not say, to another person," citing *Williams* v. *State,* 73 Miss. 820, 19 So. 826; *Allen* v. *State,* 66 Miss., 6 So. 242. The argument of assistant counsel for the state, as shown at page 61 of the record, over appellant's objection, was improper, and prejudicial to appellant's cause.

The counsel was permitted to inject the "liquor business," into the case by argument, without any evidence that liquor was the cause of the killing, or that the "liquor business" was the cause.

This argument was improper, unsupported by evidence, and should not have been allowed, timely objection being made as shown at page 61 of the record. The action of the court in permitting this argument is too clearly erroneous to require further comment. The further instruction granted at the instance of the state is erroneous, it not clearly defining the crime of murder.

Instruction No 7 for the state is erroneous. It is difficult to determine what is intended by the language of this instruction: "Situated and circumstanced as Pink Hill was when he fired at Ausby Townsend," but it, in a manner, assumes that appellant was in no danger, and in this view is too clearly erroneous to require argument or authority.

We respectfully submit that the case should be reversed and remanded.

*Dunn & Patterson,* for appellant.

This whole matter of contradictions on collateral and immaterial matters is thoroughly discussed in *Williams* v. *State,* 73 Miss. 820; *Dunk* v. *State,* 84 Miss. 452, 36 So. 609; *Davis* v. *State,* 416 Miss., 37 So. 1017;

*Bell* v. *State,* 38 So. 795, and many other authorities. It is the rule, so far as we know that it is error, and in nearly every instance, reversible error to permit a witness to be impeached upon collateral and imma-terial matters. If the witness was properly impeached, under all the authorities, it was only competent as go-ing to the credibility of the witness, James West, yet the court refused an instruction (No. 19) telling the jury that it was only to be considered as such, which instruction was amply warranted, and in all cases proper, as was expressly held by this court in the case of *Owen* v. *State,* 32 So. 152, 80 Miss. 499. Not only this, but the district attorney was permitted in his closing argument when the defendant could not reply, to argue the fact of what impeaching wit-ness said to the jury as substantive testimony, which itself was held to be reversible error in the case of *Middleton* v. *State,* 31 So. 809.

This case was made to turn upon the contradic-tion as to what a negro witness who was present at the time of the difficulty said out of court, and which the negro witness himself denied. The court refused to tell the jury when asked by the defendant in a written instruction, that the contradictory statements, or the impeachment of the witness could only go to the credibility of the witness. The court thereby holding and giving to the district attorney, and his associates in the case, the right to argue it as sub-stantive testimony as if it was a proven fact.

The charge asked by the defendant, telling the jury that impeaching testimony should not be considered as going to the guilt or innocence of the accused, but only to the credibility of the witness, should have been given and its refusal in this case is reversible error. It is, very likely that if the court had told the jury that in weighing the testimony of the wit-ness, James West, that they should not consider

against the defendant as substantive testimony, as to the guilt or innocence of the defendant, in all likelihood the defendant would have been acquitted.

We respectfully submit that this case must be reversed.

*Earl N. Floyd,* assistant attorney-general, for appellee.

The appellant asked and received sixteen comprehensive instructions which fairly and liberally construed the law as applied to the appellant's theory of defense. The nineteenth instruction, which was refused, is as follows:

"The court instructs the jury that the evidence of J. E. Eudy, C. B. Pittman and J. A. Spikes, contradicting the witness, James West, must not be considered by the jury as any evidence of the guilt or innocence of Pink Hill, but must only be considered as going to the credibility of the 'witness James West."

This instruction was palpably erroneous and properly refused. It would have been proper to instruct the jury that the evidence of these contradicting witnesses must not be considered as any substantive evidence of guilt, but to instruct the jury that their testimony must not be considered as any evidence of the guilt or innocence of the accused would render their testimony of no value whatever as competent evidence, whether to the credibility of witnesses or otherwise goes in its last analysis, to the guilt or innocence of the accused. The instruction was an attempt at a correct expression of the law but fell short of the requirements and would have confused a jury as to its meaning.

Except for the errors alleged in regard to the argument of the district attorney and the refusal of the instruction quoted above, this case presents purely a question of fact to be determined by the jury. As

said before, the state's theory and evidence go to show a cold blooded murder, while the appellant's testimony would tend to prove that he acted under an apprehension of danger to himself and therefore killed the deceased in self-defense.

That the evidence supporting the state's theory is ample for the purpose, no one can deny and the jury, by its verdict, having set its stamp of approval upon it, it is not within the province of this court to disturb it upon appeal. The alleged improper remarks of the district attorney, while representing perhaps rather far-fetched conclusions, are nevertheless within the province of counsel in making arguments to the jury, as this court has said that both logic and imagination can be drawn upon in arguments to the jury provided, of course, the argument is predicated upon the record. I therefore respectfully submit that, in the absence of any prejudicial error in the record, the case should be affirmed.

SYKES, J., delivered the opinion of the court.

Pink Hill was convicted of murder and sentenced to the penitentiary for life, from which sentence this appeal is prosecuted.

The uncontradicted testimony shows that the deceased, Ausby Townsend, on the morning of the killing told Pink Hill that he would kill him before sundown. He also made this statement to several other witnesses in the case. The appellant, Pink Hill, was employed to carry the mail between the depot and the post office in the town of Eupora. After this threat of the deceased the appellant procured a pistol from the drawer of the station agent in the town of Eupora. He carried the mail from the depot to the post office about 3 o'clock in the afternoon, and was on his way from the post office back to the depot when the killing occured. The testimony about the

actual facts relating to the killing is contradictory. The testimony for the state showed that appellant walked up and shot the deceased when the deceased was not looking toward appellant and was not aware of his approach, but was standing on the edge of the sidewalk with his hands behind him. The testimony. introduced by the appellant showed that the deceased saw Pink Hill coming, and, when Hill was within a few feet of him, stuck his right hand in his overalls as if to draw a weapon. The uncontradicted testimony shows that the deceased was talking to a man by the name of James West at the time he was shot. West testified on behalf of the appellant. His testimony corroborated that of the defendant himself, namely, that Townsend saw Hill approaching and made an attempt to put his right hand in his overalls. On cross-examination the witness West was asked by the district attorney whether or not at a certain livery stable shortly after the killing he did not state to three white men, naming them, that Townsend did not see Pink Hill at all and did not know who shot him. The witness denied making this statement. He was further asked on cross-examination if he did not state to two white men at or near a public well in the town shortly after the killing that Townsend did not know who shot him and that Hill shot Townsend without provocation. The witness also denied making this statement. Several of these white men testified in rebuttal to the fact that West made substantially these statements near the livery stable and near the public well. Objections and exceptions were made to this rebuttal testimony.

In his closing argument to the jury the district attorney used this language:

"Who knows better how this thing happened than James West? While it was fresh in his mind, what did he tell Mr. Eudy? That he shot him without

provocation; that it was so close to his face that it burned him.''

This argument was objected to, objection overruled, and exception taken. Whereupon the district attorney proceeded:

''That while this thing was yet fresh and burning in his conscience and upon his mind, before he had a conference with anybody, what did he do? He goes out there and talks to them, and what did he tell them? He told them about what he told Eudy. Then, gentlemen of the jury, he ought to know how that thing happened. There is the man that was right by Ausby Townsend when Pink Hill shot him.''

Objection and exception was taken and overruled to this argument, and a special bill of exceptions was duly taken thereto.

One of the errors assigned and urged upon this court to reverse the case is this argument of the district attorney. It is contended by the appellant that this rebuttal testimony was no evidence of the guilt or innocence of the appellant, but was introduced solely for the purpose of impeaching the credibility of the witness James West; that the district attorney, however, by this argument used this testimony as substantive or direct testimony. It is conceded by the Attorney General that this testimony was only introduced, or could only be introduced, to impeach the credibility of the witness James West, and was no substantive evidence of the guilt of the appellant, but that the argument of the district attorney ought not to be construed as is contended by the appellant.

This argument, however, of the district attorney lays special stress on what James West told Mr. Eudy and these other men, and then treats this hearsay statement as evidence of how the shooting occurred, namely, that appellant shot Townsend without provocation. That this argument is a direct ap-

118 Miss.—12

peal to the jury to convict the appellant upon the hearsay testimony of these rebuttal witnesses is too plain for discussion. This character of argument has been expressly condemned in the cases of *Allen* v. *State*, 66 Miss. 385, 6 So. 242, and *Middleton* v. *State*, 80 Miss. 393, 31 So. 809. In the Allen Case the argument of the district attorney was not even objected to by counsel for the defendant. In the Middleton Case the rule is thus tersely and correctly stated:

"To discredit a witness by showing that he made a contradictory material statement out of court is one thing, and it justifies argument that he is unworthy of belief. But it is quite another thing, and not justified, to predicate an argument for conviction on the unsworn contradictory statement out of court, in defendant's absence, as if it were a substantive fact proved." 80 Miss. 393, 31 So. 810.

To meet the erroneous argument of the district attorney above quoted, the appellant asked and was refused the following instruction:

"The court instructs the jury that the evidence of J. E. Eudy, C. B. Pittman, and J. A. Spikes contradicting the witness James West must not be considered by the jury as any evidence of the guilt or innocence of Pink Hill, but must only be considered as going to the credibility of the witness James West."

It is contended by the Attorney General that this instruction is incorrect, because it should have had before the word "evidence" either the word "direct" or "substantive," and for this reason it was not error in the court below to refuse the instruction. This instruction is plain and unambiguous, and correctly states the rule of law that this testimony could only be used as going to the credibility of the witness James West. It should have been given. It was especially important that this instruction be given the

appellant because of the erroneous argument of the district attorney.

The jury in this case from the argument of the district attorney and the failure of the court to grant this instruction must have believed that they could consider and did consider as substantive evidence of the guilt of the appellant the testimony of these rebuttal witnesses as to the hearsay statement of James West made to them that Hill shot Townsend without provocation.

Viewing the record as a whole, we are constrained to say that appellant has not had the fair and impartial trial to which he is entitled under the law.

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*