## DARBY *v.* STATE.

[In Banc. No. 21137.]

1. CRIMINAL LAW. *Use in argument as substantive proof of impeaching hearsay testimony was error.*

It was error to permit prosecuting counsel in argument to use as

substantive proof the impeaching or discrediting testimony of
a rebutting witness as to a material statement made out of
court, in the absence of the accused, by another witness; such
testimony, being hearsay, was admissible only for the purpose
of impeachment of the credibility of the witness.

2. CRIMINAL LAW. *Witnesses. Contradiction of statement out of court
proper; timeliness of objection to improper argument.*
Testimony contradicting a material statement made out of court
by defendant's witness was admissible to impeach his credibility,
and need not be objected to when offered, but objection and
exception to its wrongful use in argument was timely when made
during the argument; and, objection to its wrongful use is not
waived because it was not objected to when offered, or for
failure to request an instruction as to its use and purpose.

3. CRIMINAL LAW. *Improper prejudicial argument reversible error.*
Where it clearly appears that improper argument in the trial
substantially prejudiced the rights of the other party, reversal
for such error will follow.

APPEAL from circuit court of Tate county.

HON. E. D. DINKINS, Judge.

P. W. Darby was convicted of murder, and he ap-
peals. Reversed, and a new trial granted.

*J. F. Dean*, for appellant.

We do not think it can be successfully contended
that it is not a close question on the facts as shown in
this record. Then there was fatal error in the argu-
ment of both the county attorney and the district at-
torney, in arguing to the jury testimony admitted only
and admissible only to contradict the witness Ed Darby
as direct evidence against appellant. In arguing to the
jury whether the appellant was guilty of murder or
manslaughter, each attorney for the state used the state-
ment made by Ed. Baker as to what Ed. Darby had told
him about the difficulty as a fact proven against de-
fendant; that it was not in self defense or heat of pas-
sion, but that appellant had not only shot deceased
when he was unarmed, as shown by state's witnesses, but
even according to his own evidence that Wade had drop-

ped his knife into his pocket after he was first shot and
that appellant tried vainly to shoot deceased when he
knew he was unarmed and had his knife in his pocket
and that the only reason he did not do it was that his
pistol hung, and cited what Ed Baker said Ed Darby, the
brother of the appellant, told him that afternoon as
proof on which to base the argument; "Darby denied
it, but which are you going to believe, Darby, the brother
of defendant, or Ed. Baker who has no interest in this
case?" This court will know that it was a physical
impossibility to get all the argument of either of the
state's attorneys. The special bill of exceptions present
but a hint of what was really said but from them, the
court can see that every decision of this court upon
this point was totally disregarded and fatal error was
again deliberately committed over the most urgent pro-
tests of defendant's attorney. See *Hill* v. *State*, 118
Miss. 70; *Allen* v. *State*, 66 Miss. 358; *Middleton* v.
*State*, 80 Miss. 393; *Williams* v. *State*, 73 Miss. 820.

*F. H. Loterhos,* Assistant Attorney-General, for the
state.

It is respectfully suggested to the court that no error
can be found in the failure of the trial court to sus-
tain the objection of the defendant to the argument of
the attorneys for the state, as set forth in the special
bill of exceptions, pages 80 and 81; because when the wit-
ness for the defendant Ed Darby, was asked as to what
he was alleged to have said to one Baker, defendant
made no objection to the question; and thereafter,
upon Baker being asked what the witness had said to
him, defendant made no objection to the answer of the
witness, Baker, setting forth what he claimed the wit-
ness had said to him.

So the record shows no objection or exception to any
of this evidence; nor does it show a motion to strike any
of the same. For reasons best known to himself, the

defendant did not see fit to demur to this line of inquiry; and when the evidence went in, apparently, with his consent under our system of .trying cases, it was possible that it might be used to his advantage or disadvantage. He cannot be heard to say at a later stage of the proceedings, when reference is made to the evidence, that it is no part of the case. There is a time to object, and there is a time to move to strike from the record; and when these times have passed, evidence that has been previously taken is as much a part of the record as is any other item of evidence. This court has given recognition to the rule that a witness cannot be contradicted upon an answer made by him in cross examination, to a question about a matter collateral or immaterial to the issue; but has never found error in a case where the rule was violated without objection on the part of the one complaining of the violation. Said CAMPBELL, C. J., in *Mabry* v. *State,* 14 So. at page 267:

"All the testimony of what Rials said or did as to the selling or disposing of his gun was incompetent. The testimony of the woman Seitzler, about the night occurrence at White's ought not to have been admitted as evidence; but the record does not show any objection to it when offered and given, and it was too late to raise an objection by motion to exclude, after having experimented with it in the way shown."

In condemning the use of evidence contradictory of the witness on cross examination in a case somewhat similar to this, the court predicated its conclusions upon the following: "Objections and exceptions were made to this rebuttal testimony."

In *Middleton* v. *State,* 31 So. 809, where evidence of this character was condemned, the court was careful, in expressing its view, to state that the question propounded to the defendant's witness as a basis for the contradiction, was permitted over objection and exception, and that the prosecuting counsel was in due course permitted over the objection and exceptions of the de-

fendant, to contradict the statement.   And it does the same in deciding the case of *Williams* v. *State,* 73 Miss. 820, where the opinion reads: "The defendant objected to both the question to Margaret Kelly and the question to John Jeems, and, the objections being overruled, duly excepted."

In *Allen* v. *State,* 66 Miss. 388, the court recognized the same rule, but affirmed, notwithstanding in view of the fact that from the evidence of the appellant, his guilt appeared.   It is not unreasonable to assume that in that case, too, objection and exception to the ruling of the court were   made and taken.

In as vital a situation as that of the absence of the defendant from  part of his  trial  in the circuit court this court has said that objection must be  made as  a preliminary to relief here.   See *Poole* v. *State,* 83 So. 273.   The court says: "If he fails to object and accepts his chance of a favorable jury verdict he cannot afterwards complain."

Hence, it would seem that this appellant cannot, here and now, be permitted to successfully maintain that the effect of  evidence which went into the record, without his  objection,  was  erroneously  damaging  to his  cause.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by P. W. Darby, who was convicted of the murder of D. O. Wade in Tate county.

On  the  morning  of  the  killing  the  deceased,  Wade, went  to  the  home  of  the  appellant,  and  there  had  a controversy  with  him  regarding  a debt,  the  deceased using  some  rough  language  toward  appellant  and  threatening  him  with  violence,  whereupon  the  appellant  left  the presence  of  the  deceased.   Subsequently  on  the  same day  the  appellant  went  to  Savage,  a  village  about  ten miles  away,  and  when  he  got  there,  the  deceased,  Wade, who  was  already  there,  again  approached  him  with  reference  to  the  matter  discussed  previously  at  the  home

of appellant. The appellant again declined to discuss the matter or be drawn into a difficulty with the deceased, whereupon the deceased again threatened appellant, and when appellant turned to walk away the deceased struck him a vicious blow from behind, either with his fist or with something clenched in his hand, hitting the appellant on the back of the head, almost knocking him down, and as he staggered forward a few steps he drew his pistol, recovered his balance, whirled and fired upon the deceased, killing him. Up to this point there seems to be no substantial dispute in the testimony. There is a conflict in the proof as to what the deceased was doing and whether he had a knife drawn in his hand at the time the fatal shot was fired. There is also conflict in the evidence as to the actions of the appellant immediately after firing the shot. However, we are not concerned with the conflicting testimony, as this phase of the case was a question of facts to be settled by the jury.

There are two serious questions presented by this appeal, one of which is whether the evidence taken as a whole warranted the jury in finding the defendant guilty of more than manslaughter; and the other is whether the lower court erred in permitting the prosecuting attorneys in their arguments to the jury to comment upon certain proof made by the state in the case, which we will presently set out. We shall omit passing upon the first question presented because a decision of the second will reverse the judgment, and the first question may never arise again.

Ed. Darby, a brother of the appellant, while on the stand testified that he was present and witnessed the shooting. He said that the appellant fired one shot and dropped his pistol to his side, and made no further effort to shoot the deceased. On cross-examination by the state this witness was asked if he had not stated to one Ed. Baker the same evening that the appellant would

have continued to shoot the deceased, but he could not
work his gun the second time, and that—

"If the gun had not hung, I believe he would have
killed me and him both. I never saw a man trying to
shoot any harder. Pete was so mad he didn't really
know what he was doing."

The witness, who, as we have said, was a brother of
appellant, denied making any such statement to Ed
Baker. The state then introduced the said Ed Baker,
who contradicted the witness Darby by his testimony
as follows:

"Ed Darby said, 'If the gun had not hung, I believe
he would have killed me and him both. I never saw
a man trying to shoot any harder.' 'Pete was so mad
he didn't really know what he was doing.'"

This testimony of Baker was not objected to by the
defendant.

During the argument to the jury the county prosecut-
ing attorney said:

"The evidence in this case shows that P. W. Darby
shot Wade when Wade was doing nothing, and that he
would have shot him again if his gun had not hung;
why do I say that? Ed Darby, the man who was there,
who had hold of Wade's arm, told Ed Baker so that
afternoon."

The defendant then and there objected to this argu-
ment by the state's attorney, to which objection the
court replied. "The jury heard the evidence." And
thereupon the prosecuting attorney repeated and em-
phasized the same argument to the jury, to all of which
the appellant then and there excepted. In the con-
cluding argument of the district attorney he stated to
the jury:

"The evidence showed that defendant shot deceased
once, and would have shot again, but his pistol hung
fire. Ed Darby said on the stand that it did not, but
that day when it was fresh in his mind he told Ed

Baker, a man who had no interest in this case, .that Pete would have shot again, and that he might have been shot himself if the pistol had not hung fire. Which will you believe, Ed Darby, the brother, or Ed Baker, who had no interest in this case? I say that Ed Baker told the truth.''

The defendant objected to this argument, and thereupon the prosecuting attorney retorted, ''If Baker did not say that, I heard nothing right.'' The court refused to instruct the jury to disregard the argument and said, ''The jury understands.'' The defendant then and there objected and excepted to the argument and the ruling of the court.

It is contended by the appellant that it was error to permit counsel for the state in their argument to use the impeaching or discrediting testimony of the witness Ed Baker as substantive or direct proof, when in fact it was hearsay testimony, and could be used for no purpose except to impeach the credibility of the witness Ed Darby.

The state replies to this contention by saying that the testimony contradicting the witness Darby by Baker was not objected to at the time by the defendant, and since it was admitted without objection it was legitimate for use for all purposes.

We must disagree with the contention of the state in this regard for two reasons First. The contradicting testimony was competent and admissible for the purpose of impeaching the credibility of the testimony of the witness Darby, as the matter about which the witness Darby was contradicted was relevant and material, in that it tended to prove the actions of the appellant immediately after shooting the deceased, and was pertinent in determining the close question of murder or manslaughter. Therefore an objection to this testimony by the defendant would have been unavailing. Second. The objection made by the defendant to the use of this

testimony in argument by the prosecuting attorneys as substantive proof, instead of mere impeachment of credibility, was timely, we think, because it had not before become necessary or proper to object, nor could the defendant anticipate that the state's attorney would use the testimony in his argument for any other purpose than to show the impeachment of the credibility of Darby. The defendant had not waived his right to object but objected as soon as the state's representatives attempted to use this hearsay testimony wrongfully in the argument.

We feel quite certain that the argument complained of was peculiarly damaging to the interests of the accused, and probably influenced the jury to a conviction of murder. The correctness of this conclusion seems more apparent when it is remembered that the whole proof in this case leaves it debatable, if not doubtful, as to whether or not the appellant should have been convicted of more than manslaughter.

In the case of *Hill* v. *State,* 118 Miss. 170, 79 So. 98, this court reversed the judgment of the lower court upon the same ground presented here. There is practically no difference between the question in the Hill Case and the one at bar, except in that case the court refused an instruction telling the jury that such hearsay testimony could only be used as going to the credibility of the witness sought to be impeached. In the case before us no written instruction was asked, but we do not believe the failure on the part of the defendant to ask for such an instruction should preclude him from raising the objection at the time the prosecuting attorney attempted to wrongfully use the hearsay evidence in his argument to the jury. The fact that the defendant did not ask for such an instruction should not be held as a waiver of his right to object to the unwarranted argument of the district attorney at any time during the trial, which he could not anticipate. It is to be fairly

assumed that the officer occupying the high office of public prosecutor will not use any testimony in the case for a wrongful purpose in his argument to the jury. Relying upon this assumption, the accused was certainly within his rights in making the objection to the wrongful and damaging argument of the prosecutor at the time it was made.

This court, following its previous rulings has often refused to reverse on account of improper arguments of counsel which we disapproved; the ruling being based upon the ground that before reversing for improper arguments it must clearly appear that the party was substantially prejudiced by such argument. But we have no doubt in the case now before us that the improper argument by the prosecuting attorneys was exceedingly damaging, and substantially prejudiced the rights of the accused.

In the *Hill Case, supra,* the rule is well stated, and we here quote from the headnotes:

"To discredit a witness by showing that he made a contradictory, material statement out of court is one thing and it justifies argument that he is unworthy of belief; but it is quite another thing, and not justified to predicate an argument for conviction on the unsworn contradictory statement out of court, in defendant's absence, as if it were a substantive fact proved.

"Where in a murder case the district attorney's argument laid stress on what a witness, who was with deceased when he was shot, told other persons, and then treated such hearsay statements as evidence that defendant shot without provocation, such an argument was improper as an appeal to convict on the hearsay testimony of a rebuttal witness."

In view of the conclusions reached above, the judgment of the lower court will be reversed, and a new trial granted.

*Reversed and remanded.*